IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY WATSON, | : | |
|          Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  07-cv-1324 |
| WARDEN RONALD NARDOLILLO, | : | |
| et al. | : | |
|          Defendants | : | |

MEMORANDUM OPINION AND ORDER

GOLDEN, J.                                                                                                          July 30, 2007

Before the Court is defendants' motion to dismiss plaintiff's civil rights claim, which stems from an injury sustained during a prison accident.  Because there is no set of facts under which plaintiff can prevail, the motion to dismiss is granted.

STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows courts to screen out cases "where a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted."  *Port Auth. v. Arcadian Corp.*, 189 F.3d 305, 311-12 (3d Cir. 1999).  The Third Circuit Court of Appeals instructs that "the complaint will withstand a Fed. R. Civ. P. 12(b)(6) attack if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery."  *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 124-25 (3d Cir. 1998).  In deciding a motion to dismiss, a court is required to accept all of the plaintiff's factual allegations as true.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Thus, a court should grant a motion to dismiss only when it is "beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). In resolving a motion to dismiss, the court must primarily consider the allegations contained in the complaint, although matters of public record, orders, and exhibits attached to the complaint may also be considered. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Because this case was brought by a prisoner who is not represented by counsel, the Court is also mindful of its duty to construe *pro se* complaints liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

FACTS[1]

Plaintiff is incarcerated in the George W. Hill State Correctional Facility. On March 19, 2007, plaintiff was climbing into his assigned top bunk and lost his balance. He fell from the bunk onto the concrete floor, injuring his arm, shoulder, and back. Doctors inform plaintiff that his arm and shoulder injuries will require surgery.

Plaintiff maintains that his accident occurred because his bunk was not equipped with a rollbar and step ladder. He has asked the court to award damages for pain and suffering, as well as what he describes as future damages.

ANALYSIS

Plaintiff's complaint comes to the court under 42 U.S.C. section 1983, which provides a vehicle for the suits that redeem federal rights. *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To state a claim under section 1983, a plaintiff must show that his or her constitutional rights have been violated by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S.

---

[1] Because this matter is before the Court on a motion to dismiss, the Court takes all facts in plaintiff's complaint as true. *Hishon*, 467 U.S. at 73. Plaintiff did not file a response to defendants' motion to dismiss.

527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Although plaintiff does not identify which constitutional right his case implicates, the Court concludes that his claim would likely stem from either the Eighth Amendment, which protects the convicted from cruel and unusual punishment, including harsh conditions of confinement, or the Fourteenth Amendment, which guards against the deprivation of life, liberty or property by state officials. *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal citations omitted); *Daniels*, 474 U.S. at 331.

To be actionable under the Eighth Amendment, a prison injury "must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley*, 475 U.S. at 319. Prison authorities may not show deliberate indifference to the health and well-being of inmates. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Negligence in the provision of care and services to prisoners, even to the point of medical malpractice, is nevertheless not actionable. *Id.* As to prison accommodations, states may not maintain facilities in a manner that leads to the "wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The incidental discomforts associated with incarceration, however, are not actionable under the Eighth Amendment. *Id.* at 348.

Similarly, the Fourteenth Amendment's Due Process Clause does not allow prisoners to sue officials for negligent behavior. *Daniels*, 474 U.S. at 332. The Supreme Court reasons that the Due Process Clause, which forbids state actions that "deprive" life, liberty and property, contemplates deliberate actions rather than accidents. *Id.* at 331-32. This view reinforces the role of the Due Process Clause as a limit on state power, and a limit on intentional state acts that might be "used for purposes of oppression." *Id.* at 332 (internal citations omitted).

In the instant case, even when construed liberally, plaintiff's complaint presents a classic "slip and fall" fact pattern that sounds in negligence. Plaintiff does not describe any intentional acts by prison officials in his complaint. There is no suggestion that a prison employee was even present during plaintiff's accident. The complaint indicates that plaintiff received medical care and a diagnosis after his accident. In essence, plaintiff argues that the faulty design of the bed caused him to fall and hurt himself. The facts allege a typical negligence case. Simply, the constitution and section 1983 do not permit plaintiff to bring a negligence case against prison officials. Because there is no set of facts under which plaintiff could prevail in his action, defendants' motion to dismiss is granted. An appropriate order follows.